# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSARIO JOSE SIGALA-MARTINEZ,<br><br>                              Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                             Respondent. | Case Nos. 09cv2099 BEN<br>            08cr2302 BEN<br><br>**ORDER DENYING § 2255 MOTION** |

## INTRODUCTION

Petitioner Rosario Jose Sigala-Martinez moves pursuant to 28 U.S.C. § 2255 for a reduction in his sentence. Dkt. No. 18. Because Petitioner waived the right to challenge his sentence and he received the sentence he agreed to in the plea agreement, the Court **DENIES** the motion.

## DISCUSSION

I. **Waiver**

The Ninth Circuit recognizes strong public policy considerations justifying the enforcement of a defendant's waiver of his right to appeal or collaterally attack a judgment. *United States v. Novarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). Waivers play an important role in the plea bargaining process and help ensure finality. *Id.* at 322. Generally, courts enforce a defendant's waiver of his right to appeal, as long as the waiver was "knowingly and voluntarily made" and

1 | "encompasses the defendant's right to appeal on the grounds claimed on appeal." *United States v.*
2 | *Nunez*, 223 F.3d 956, 958 (9th Cir. 2000) (quoting *United States v. Martinez*, 143 F.3d 1266, 1270-
3 | 71 (9th Cir. 1998)).
4 | Petitioner waived his right to collaterally attack his sentence in his plea agreement. Plea
5 | Agreement (Dkt. No. 11) ¶ 12. The plea agreement states that "[i]n exchange for the
6 | Government's concessions in this plea agreement, defendant waives, to the full extent of the law,
7 | any right to appeal or to collaterally attack the guilty plea, conviction, and *sentence*." *Id.* (emphasis
8 | added). Petitioner's knowing and voluntary waiver of his right to collaterally attack his sentence
9 | requires denial of his § 2255 motion.

## II.  Ineffective Assistance of Counsel

11 | Even if Petitioner had not waived his right to collaterally attack his sentence, his ineffective
12 | assistance of counsel claim fails. The Sixth Amendment provides a general right to effective
13 | assistance of counsel for all criminal defendants. *Strickland v. Washington*, 466 U.S. 668, 688
14 | (1984); *United States v. Alferahin*, 433 F.3d 1148, 1160-61 (9th Cir. 2006). Pursuant to
15 | *Strickland*, successful IAC claims demonstrate that: (1) the attorney's performance "fell below an
16 | objective standard of reasonableness;" and (2) there exists "a reasonable probability that, but for
17 | counsel's unprofessional errors, the result of the proceeding would have been different."
18 | *Strickland*, 466 U.S. at 687-88, 695. Petitioner fails to satisfy these elements.
19 | The Court finds no deficiency in counsel's performance, but even if there were some error,
20 | Petitioner cannot demonstrate that but for the error, the proceedings would have been different.
21 | There can be no prejudice to Petitioner because Petitioner received the sentence he agreed to in the
22 | plea agreement. Petitioner agreed to and jointly recommended a 48-month sentence in his plea
23 | agreement. Plea Agreement ¶ 9. Petitioner received a 48-month sentence. Judgment (Dkt. No.
24 | 17) 2. Because Petitioner cannot demonstrate ineffective assistance of counsel under these
25 | circumstances, his Petition must be denied.
26 | ///
27 | ///
28 | ///

## CONCLUSION

Petitioner's motion is **DENIED**. The Clerk shall close case number 09cv2099. The Court **DENIES** a certificate of appealability because the issues are not debatable among jurists of reason and there are no questions adequate to deserve encouragement.

**IT IS SO ORDERED.**

DATED: February 15, 2011

Hon. Roger T. Benitez
United States District Court

09cv2099
08cr2302